Anthony J. Mullan, State Bar No. 021561
THE MULLAN LAW FIRM, P.C.
1355 Ramar Road, Suite 16
Bullhead City, Arizona 86442
Telephone: (928) 704-8654
Facsimile: (928) 704-8658
Email: Anthony@MullanLaw.com
Attorney for: Plaintiff Anthony Olagues

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Olagues, a single man<br><br>               Plaintiff,<br><br>vs.<br><br>Mohave County, Doug Schuster, in his official capacity as Mohave County Sheriff, Mohave County Sheriff Department, DOES 1-10, ABC Corporations, XYZ, LLC's 1-10,<br><br>               Defendant. | CASE NO.<br>3:20-cv-08271-PCT-SMB-ESW<br><br>**PLAINTIFF'S NOTICE OF FILING OF AMENDED COMPLAINT** |

Plaintiff, Anthony Olagues, by and through undersigned counsel, pursuant to LR. Civ. 15.1 (a) and F.R.Civ.P.15 hereby gives notice to this Court that they filed a Notice of Filing of Amended Complaint. Defendants have consented to the Amendment. A copy of the Amended Complaint according to LR. Civ. 15.1 (a) is hereby attached.

**DATED** this 26 day of October, 2020.

THE MULLAN LAW FIRM, P.C.

_____
Anthony J. Mullan
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October, 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

_____
Kirensa Thompson

2

```
1    Anthony J. Mullan, State Bar No. 021561
     THE MULLAN LAW FIRM, P.C.
2    1355 Ramar Road, Suite 16
     Bullhead City, Arizona  86442
3    Telephone: (928) 704-8654
     Facsimile:  (928) 704-8658
4    Email: Anthony@MullanLaw.com
     Attorney for: Anthony Olagues
5
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| ANTHONY OLAGUES, an individual | CASE NO. 3:20-cv-08271-PCT-SMB-ESW |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| MOHAVE COUNTY, DOUG SCHUSTER, in his official capacity as Mohave County Sheriff, MOHAVE COUNTY SHERIFF'S DEPARTMENT, JANE DOES 1-10; JOHN DOES 1-10; ABC Corporations 1-10; XYZ LLC's 1-10, | **NEGLIGENCE: PERSONAL INJURY, FAILURE TO TREAT, FAILURE TO PROVIDE MEDICAL CARE** |
| Defendants. | |

*NOW COMES* Plaintiff, by and through the undersigned counsel for his Complaint, states and alleges as follows:

## GENERAL ALLEGATIONS

1. At all times relevant hereto, the Plaintiff is a resident of the State of Arizona, County of Mohave.

2. At all times relevant hereto, the Defendant is the Sheriff of Mohave County Arizona.

3. All acts and omissions complained of herein occurred in Mohave County, Arizona.

4. Defendants collectively operate the Mohave County Jail, located in Kingman, Arizona.

5. Defendants operate the Mohave County Jail, which serves to incarcerate persons arrested

| | |
|---|---|
| 1 | or awaiting trial in Mohave County, Arizona. |
| 2 | 6. On September 21st, 2019 the Defendant was arrested for Driving Under the Influence and |
| 3 | taken to the Mohave County Jail. |
| 4 | 7. While being processed at the Mohave County Jail, the Plaintiff was directed by jail |
| 5 | guards to complete paperwork required for court. |
| 6 | 8. The Defendant, intoxicated and without his glasses required for reading, informed the |
| 7 | guards he could not see and was unable to complete the necessary forms. |
| 8 | 9. Plaintiff was then tackled by a guard at the Mohave County Jail. |
| 9 | 10. This resulted in a broken ankle for the Plaintiff. |
| 10 | 11. Despite requesting medical care, the Plaintiff was not afforded medical care until four (4) |
| 11 | days later, September 25th, 2019. |
| 12 | 12. On September 25th, the Plaintiff was seen by a nurse at the jail, at which time an X-ray |
| 13 | was taken of Plaintiff's ankle. |
| 14 | 13. This X-ray revealed Plaintiff suffered a broken ankle. |
| 15 | 14. At that time, the Plaintiff was still denied medical care and was instead released to find |
| 16 | care for himself. |
| 17 | 15. Plaintiff later reported to Valley View Medical Center and was diagnosed with a |
| 18 | displaced fracture, which required surgery to repair. |

### COUNT I: PERSONAL INJURY

16. Plaintiff hereby adopts and incorporates herein by reference the allegations of paragraphs 1 through 15 as though fully set forth herein.
17. Defendants owed a duty to Plaintiff to prevent injury to the Plaintiff while under the care, custody and control of the Defendants.
18. While the Plaintiff was in the custody of the Defendant, an employee of the Defendant caused physical injury to the Plaintiff by tackling him, breaching the Defendant's duty of care to the Plaintiff.
19. This breach was the actual and proximate cause of damages to the Plaintiff.
20. As a result, Plaintiff has been damaged in an amount in excess of this Court's jurisdiction

to be proven at trial.

## COUNT II: FAILURE TO TREAT/ PROVIDE MEDICAL CARE

21. Plaintiff hereby adopts and incorporates herein by reference the allegations of paragraphs 1 through 20 as though fully set forth herein.
22. Defendants, as operators of the Mohave County Jail, has a duty to treat medical conditions of in-custody prisoners.
23. The Defendants breached this duty by not providing medical treatment or care after Plaintiff suffered a broken ankle, while incarcerated at the Mohave County Jail.
24. Inadequate medical care violates the U.S. Constitution's Eighth Amendment (*Estelle v. Gamble* (1976) 429 U.S. 97 [97 S.Ct. 285; 50 L.Ed.2d. 251].)
25. Under Arizona Constitution Article 2, Section 15, the infliction of cruel and unusual punishment upon incarcerated persons by the State is explicitly prohibited.
26. Prisoners have a right to reasonably adequate health care, meaning "services at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards." (*United States v. DeCologero*, 821 F.2d 39, 43.).
27. After suffering his broken ankle at the Mohave County Jail, Plaintiff was subject to solitary confinement for four (4) days.
28. During this time, Plaintiff's requests for medical care and treatment went unanswered.
29. This breach was the actual and proximate cause of damages suffered by the Plaintiff.
30. The Plaintiff was further damaged in the deterioration of his injury occasioned by lack of treatment, causing additional pain suffered by the Plaintiff.
31. The damages are in excess of this Court's jurisdictional amount to be proven at trial.

## COUNT III: FAILURE TO TREAT/ PROVIDE MEDICAL CARE

32. Plaintiff hereby adopts and incorporates herein by reference the allegations of paragraphs 1 through 28 as though fully set forth herein.
33. Defendants owed a duty of care to the Plaintiff to provide medical treatment to the Plaintiff, once they received notice of a traumatic injury to the Plaintiff.
34. Defendants provided diagnostic care for the Plaintiff four (4) days after his injury,

confirmed by an X-ray.

35. Defendants then immediately discharged the Plaintiff from custody, leaving Plaintiff to find medical care for his broken ankle.

36. Defendants breached this duty by not treating the Plaintiff's injury.

37. This breach was the direct and proximate cause of damages suffered by the Plaintiff.

38. The Plaintiff was damaged in an amount in excess of this Court's jurisdictional requirements to amount to be proven at trial.

**WHEREFORE,** Plaintiff seeks relief and judgment against Defendants, as follows:

A. For judgment to the Plaintiff in the amount ~~of $300,000.00~~ <u>to be determined by this court</u> from each and every Defendant joint and severally;

B. For such other and further relief as the Court deems fair, just and equitable under the given circumstances.

**RESPECTFULLY SUBMITTED** this 26 day of October, 2020.

THE MULLAN LAW FIRM, P.C.

_____
Anthony J. Mullan
1355 Ramar Road, Ste. 16
Bullhead City, Arizona 86442
Attorney for Plaintiff